## B. F. TURNER, ET AL., *v.* J. W. MARTIN.

**Landlord and Tenant—Possession.**

Where a tenant agrees to take the store room of his landlord subject to a contract between the landlord and a person who was engaged in making improvements thereon, he is not entitled to possession before the contractor completes the improvements unless the delay is the result of unreasonable interference by the landlord. The landlord is not entitled to collect any rent until possession is given to the tenant.

APPEAL FROM CLARK CIRCUIT COURT.

October 16, 1874.

OPINION BY JUDGE LINDSAY:

We understand the stipulation in the contract between Turner & Martin that the latter "agrees to take the store room subject to the contract existing between John Graham and the said Benjamin Turner," to mean that Martin was not to have the possession until Graham completed the improvements and repairs he was then making on the house. Martin, therefore, cannot recover damages from Turner for the delay of Graham, unless it was the result of improper or unreasonable interference by Turner.

Martin fails in his cross-petition to allege any such unreasonable or improper interference. But his cross-petition is still further defective. He states that by reason of being kept out of possession, his drugs, medicines, etc., were greatly injured; but he fails to state the character of or extent of such injuries, or to state any fact connecting the injuries with his failure to obtain possession. But waiving the defects in his pleadings, Martin has no shadow of right to recover for the wages paid to his clerk during the five months intervening from November 1, 1870, to April 1, 1871. There is nothing in the record tending to show that he was compelled to keep the clerk, nor is there any reason assigned why the clerk, if kept, could not have followed some vocation instead of remaining idle during all this time.

Even if Martin was kept out of possession by the improper conduct of Turner, still he is not entitled to recover from Turner the five months rent. He had paid no rent himself, and therefore in no event could he recover on this phase of the case, more than the difference between the contract price and the actual rental value of the house; and there was no proof made or attempted to be made, that such actual value was greater than the contract rate.

Martin could in no possible state of case be entitled to a judgment against Mrs. Turner. For these reasons the judgment appealed from must be *reversed.*

Turner was not entitled to collect rent until Graham, who was his employe, delivered the possession to Martin; and if Martin has paid for the whole time he occupied the premises, Turner should have no judgment.

Judgment *reversed* and cause remanded for further proceedings upon principles consistent with this opinion. Upon the return of the cause Martin should be allowed to amend his answer and cross-petition if he offers within a reasonable time to do so.

*J. Simpson, for appellants.*
*C. & T. M. Eginton, Huston & Buckner, for appellee.*

